# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHANIE COLLEY,<br>    *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 4:19-cv-00125<br>Judge Mazzant |
| BRETT DYER TAYLOR and SANDRA<br>FRANCES MEYER,<br>    *Defendants*. | § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Rule 12 Motion to Dismiss Based on Statute of Limitations and Memorandum in Support (Dkt. #10). Having considered the motion, the Court finds that it should be **DENIED**.

## BACKGROUND

### I. Factual Summary

On February 27, 2017, Defendant Meyer was allegedly driving a vehicle entrusted to her by Defendant Taylor (collectively, "Defendants"). While attempting to turn left onto westbound 8700 Warren Parkway from a parking lot, Defendant Meyer impacted the vehicle occupied by Plaintiff Colley ("Plaintiff"). The officer who responded to the scene of the crash apparently concluded that Meyer's failure to yield the right of way when turning left onto westbound Warren Parkway was the only contributing factor to the crash. Plaintiff indicates that Meyer was not licensed to operate a motor vehicle in Texas.

On February 19, 2019, the day after this lawsuit was filed, Plaintiff transmitted the complaint and waiver of service to Defendants. The complaint and waiver were received and signed for by Defendants. Plaintiff alleges that neither Defendant answered, and the unexecuted

waivers were filed on April 2, 2019—approximately six weeks after this action was commenced. Summons were requested and issued, and on either April 2, 2019 or April 3, 2019, the summons and complaint were delivered to a private process server.

The precise details concerning the process server's efforts to serve Defendants are not entirely clear, but apparently she made attempts on April 3, 2019; April 4, 2019; April 8, 2019; April 12, 2019; April 13, 2019; April 16, 2019; and April 25, 2019. Plaintiff then allegedly requested alternative service on May 20, 2019 and an extension of the Rule 4 time to effect service, which the Court granted on June 20, 2019. The Court's order was delivered to the process server, which, along with the complaint and both summonses, was affixed to the door of Defendants' residence on June 21, 2019.

## II.     Procedural History

On February 18, 2019, Plaintiff filed a complaint (Dkt. #1). On July 11, 2019, Defendants filed a motion to dismiss (Dkt. #10). On August 5, 2019, Plaintiff filed a response (Dkt. #14). On August 12, 2019, Defendants filed a reply (Dkt. #17).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff.

*Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

After reviewing the complaint and relevant motions, the Court finds that Plaintiff has at least plausibly alleged that she timely procured service on Defendants. Accordingly, Plaintiffs' pleadings are sufficient to survive a motion to dismiss, and Defendant's motion should be denied.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Rule 12 Motion to Dismiss Based on Statute of Limitations and Memorandum in Support (Dkt. #10) is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 4th day of November, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE