# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| STEPHANIE COLLEY, §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>BRETT DYER TAYLOR and SANDRA §<br>FRANCES MEYER, §<br>    *Defendants*. § | Civil Action No. 4:19-cv-00125<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment and Brief in Support Thereof (Dkt. #25). Having considered the motion, the Court finds that it should be **DENIED**.

### BACKGROUND

**I.  Factual Summary**

On February 27, 2017, Defendant Meyer was allegedly driving a vehicle entrusted to her by Defendant Taylor (collectively, "Defendants"). While attempting to turn left onto westbound 8700 Warren Parkway from a parking lot, Defendant Meyer impacted the vehicle occupied by Plaintiff Colley ("Plaintiff"). The officer who responded to the scene of the crash apparently concluded that Meyer's failure to yield the right of way when turning left onto westbound Warren Parkway was the only contributing factor to the crash. Plaintiff indicates that Meyer was not licensed to operate a motor vehicle in Texas.

Plaintiff's complaint asserts the following causes of action: (1) negligence; (2) negligence per se; (3) negligent entrustment; and (4) gross negligence (Dkt. #1). Defendants seek summary judgment on all causes of action (Dkt. #25).

**II.     Procedural History**

On February 18, 2019, Plaintiff filed a complaint (Dkt. #1).  On December 10, 2019, Defendants filed a motion for summary judgment (Dkt. #25).  On January 2, 2020, Plaintiff filed a response (Dkt. #30).  On January 15, 2020, Defendants filed a reply (Dkt. #32).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981). The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence

of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After reviewing the complaint and relevant motions, the Court is unpersuaded that Defendants have met their burden of demonstrating that there is no genuine issue of material fact as to Plaintiff's claims. Accordingly, Defendants' motion for summary judgment should be denied.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Summary Judgment and Brief in Support Thereof (Dkt. #25) is **DENIED**.

**SIGNED this 19th day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE