# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEPHANIE COLLEY, | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No.  4:19-cv-00125 |
| v. | § | Judge Mazzant |
| | § | |
| BRETT DYER TAYLOR and SANDRA | § | |
| FRANCES MEYER, | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Exclude (Dkt. #52).  Having considered the motion, the Court finds that it should be **DENIED**.

## BACKGROUND

### I.  Factual Summary

On February 27, 2017, Defendant Sandra Frances Meyer ("Meyer") was allegedly driving a vehicle entrusted to her by Defendant Brett Dyer Taylor ("Taylor") (collectively, "Defendants"). While attempting to turn left onto westbound 8700 Warren Parkway from a parking lot, Meyer impacted the vehicle occupied by Plaintiff.  The officer who responded to the scene of the crash apparently concluded that Meyer's failure to yield the right of way when turning left onto westbound Warren Parkway was the only contributing factor to the crash.  Plaintiff indicates that Meyer was not licensed to operate a motor vehicle in Texas.

Plaintiff served her initial disclosures on Defendants, and in those disclosures, Plaintiff named Dr. Aly Gadalla as a healthcare provider with relevant knowledge of Plaintiff's physical condition, medical treatment, and prognosis.  The initial disclosures also included a download link to give Defendants access to responsive documents.  Plaintiff sent Defendants the access code

required to view the documents.  The responsive documents included Dr. Gadalla's Narrative Medical Examination, which contained diagnoses and analysis, treatment and recommendation, a prognosis, causation, and costs of future medical care.

## II.   Procedural History

On July 22, 2020, Defendants filed a Motion to Exclude (Dkt. #52).  Plaintiff filed a Response to Defendants' Motion to Exclude (Dkt. #53) on August 5, 2020.  Defendants filed a Reply (Dkt. #55) on August 12, 2020.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) provides as follows:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> > (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> > (ii) a summary of the facts and opinions to which the witness is expected to testify.

FED. R. CIV. P. 26(a)(2).

When an expert is not designated as such in a party's disclosures, the Court generally excludes that expert under Rule 37(c)(1).  Rule 37(c)(1) generally provides for exclusion of an undisclosed expert.  The Court has discretion, however, to allow an otherwise undisclosed expert nonetheless and applies the following four factors when making that determination: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential

prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

## ANALYSIS

Defendants request the Court to exclude Dr. Gadalla from testifying in this matter.  In support of their position, Defendants argue that Plaintiff's failure to formally designate Dr. Gadalla invoked Rule 37(c)'s mandatory exclusion provision. Alternatively, Defendants argue that the *Hamburger*[1] factors weigh in favor of excluding Dr. Gadalla.

Plaintiff argues that the inclusion of the treating physician report prepared by Dr. Gadalla in Plaintiff's Initial Disclosures satisfied the expert designation requirement.  In support of Plaintiff's position, Plaintiff argues that the report, which was not required under Rule 26(1)(2)(B), disclosed Dr. Gadalla at a greater level of detailed required under the rules.

Plaintiff did not formally disclose Dr. Gadalla as a testifying expert as required under Rule 26(a).  Plaintiff's Initial Disclosures only designated Dr. Gadalla as an individual likely to have discoverable information, and Dr. Gadalla was disclosed alongside other non-expert and non-testifying witnesses.  Plaintiff incorrectly argues that providing a written report under Rule 26(a)(2)(A) satisfies the disclosure requirements under the Rules. Rule 26(a)(2)(A), however, expressly requires that a party disclose an expert witness's identity in addition to the existing disclosure requirements under Rule 26(a)(1). Finding that Plaintiff did not properly designate Dr. Gadalla as a testifying expert under Rule 26(a)(2)(A), the Court looks to the *Geiserman* factors to determine whether the non-disclosure was harmful.

The first factor looks to Plaintiff's explanation for failing to properly designate the witness. Plaintiff offers no formal explanation for improperly designating Dr. Gadalla.  Plaintiff instead

---

[1] Defendants' motion cites to *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 f.3d 875, 883 (5th Cir. 2004).  The Court acknowledges that the *Hamburger* factors are the same as the *Geiserman* factors.

asserts that Dr. Gadalla's report, disclosed in Plaintiff's Initial Disclosures, satisfies Rule 26(a)(2)(A) by summarizing Dr. Gadalla's expected opinion testimony and including relevant facts supporting that opinion.

The second *Geiserman* factor looks to the importance of the testimony of the improperly or undesignated witness.  Plaintiff claims that Dr. Gadalla's testimony is relevant, and thus important, because it links Plaintiff's injuries and pain with Defendants' conduct in the car accident.  Defendants also acknowledge the importance of expert testimony to the causation and damages elements of Plaintiff's claim.  Plaintiff intends to elicit testimony required to prove those essential elements through Dr. Gadalla.  The Court finds this factor weighs heavily in favor of permitting Dr. Gadalla's testimony.

The third factor concerns the potential prejudice in allowing the testimony.  Defendants argue that severe prejudice would result from allowing Dr. Gadalla to testify.  Defendants claim that no defense expert was retained in reliance on Plaintiff's lack of a designated expert.  Plaintiff argues that the responsive documents produced in Plaintiff's Initial Disclosures, including medical records, expert reports, photographs, and a crash report, put Defendants on greater notice of Dr. Gadalla's expert testimony than a disclosure would have under Rule 26(a)(2)(A).  Defendants analogize Plaintiff's use of Dr. Gadalla's testimony with a trial by ambush, but Defendants received access to all of Dr. Gadalla's opinions, relevant facts, and Dr. Gadalla's status as Plaintiff's treating physician in Plaintiff's Initial Disclosures.  Additionally, Plaintiff did designate Dr. Gadalla as a healthcare provider with relevant knowledge.  The Court finds that any existing prejudice to Defendants can be mitigated by Defendants seeking leave to designate their own expert, and that this factor weighs in favor of allowing Dr. Gadalla to testify.

The final factor considers the availability of a continuance to cure any existing prejudice. Plaintiff filed this case on February 18, 2019.  The case originally had a trial date of August 2020. The Parties jointly filed a motion for continuance and requested the Court allow a trial setting of March 2021.  The Court extended the trial date into October of 2020.  The Court's granting of one continuance precludes the availability of a second.

Although Plaintiff did not properly designate Dr. Gadalla as a testifying expert under Rule 26(a)(2)(A), the *Geiserman* factors weigh in favor of allowing the testimony.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude (Dkt. #52) is hereby **DENIED**.

**IT IS SO ORDERED.**

 **SIGNED this 20th day of August, 2020.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE